PEOPLE, PLAINTIFF AND APPELLEE, *v.* VERGNE DE LA CONCHA,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in
a Prosecution for Violation of the Automobiles Act.

No. 1268.—Decided June 25, 1918.

AUTOMOBILES—LICENSE—PASSENGERS.—Paragraph 13 of section 10 of Act No.
75 of 1916 does not make it an offense for the owner of an automobile in
the municipal service to go to another municipality with passengers. If
the idea in this case was to charge the use of a machine in a particular
way without a license therefor, then the complaint is fatally defective in
not stating that the appellant made the trip without such proper license.

COMPLAINT—PLEADINGS—CONSTRUCTION.—While liberality may be employed in
construing pleadings in a municipal court, it is none the less true that a
complaint must allege the offense charged in such a manner as not to leave
it a matter of conjecture.

The facts are stated in the opinion.

*Messrs. J. H. Brown* and *P. A. Rivera* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint in this case is as follows:

"I, Jesús Porras, I. P., resident of Bayamón, Betances Street, 28
years of age, complain against Pedro Vergne de la Concha for an
infraction of the Automobiles Act, section 10, paragraph 13, com-
mitted in the following manner: That on September 23, 1917, at
2:45 a. m. and on Comercio Street, Bayamón, P. R., of the Municipal
Judicial District of Bayamón, which forms part of the Judicial
District of San Juan, the defendant, Pedro Vergne de la Concha,
being owner of the Ford car No. 39 of the municipal service of San
Juan, maliciously and voluntarily permitted it to go to the town of
Bayamón, P. R., carrying three passengers and conducted by chauffeur
Tomás E. Rodríguez, No. 435, thus infringing the Automobiles Act."

The appellant maintains that the complaint does not state a
crime. Section 10, including paragraph 13, of the law only sets
forth the different tariff charges to be paid for various licenses
and does not make the going by a person in the municipal
automobile service of one town to another an offense, which
is the essential statement of fact in the complaint. If the

idea was to charge the use of a machine in a particular way without a license therefor, then the complaint is wofully deficient in not stating that the appellant made the trip without such proper license. While liberality may be employed in construing pleadings in a municipal court, there is nothing in this complaint to state the crime of the use of a machine without a proper license, unless we go on a guessing expedition. We might perhaps overlook the reference to section 10, paragraph 13, if that section even set forth the crime of using a machine without a license, but there is nothing of the kind therein. However, a crime should be denounced in a complaint and not by reference to a penal law.

The judgment must be reversed and defendant discharged.

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.